UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
GAMALIEL OLIVIER,

                           Plaintiff,                CV 13 -

          v.

THE UNITED STATES,
U.S. BORDER PATROL AGENT MATTHEW EMRICH,
U.S. DEA AGENT THOMAS DOUD,
U.S DEA AGENT JUSTIN COUTURE
THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
ALEKSANDR PASYNKOV, Tax ID ******
Brooklyn South Gang Squad,
NEW YORK CITY POLICE OFFICER
EDWARD THOMPSON, Tax ID ******
Brooklyn South Gang Squad,
NEW YORK CITY POLICE OFFICER
ANTHONY GUADAGNO, Tax ID ******
Brooklyn South Gang Squad,
                           Defendant(s).
---------------------------------------------------X

**SUMMONS ISSUED**

**5497**

**COMPLAINT &
JURY DEMAND**

**GLEESON, J.**

**LEVY, M.J.**

## PRELIMINARY STATEMENT

1.   This is a Civil Rights and Federal Tort Claims action in which Plaintiff, GAMALIEL

OLIVIER, seeks redress for the Defendant's violation of rights secured by the Civil Rights Act of

1866 and 1871, The Federal Tort Claims Act, 28 U.S.C 1346(b), 2671-2680; 42 U.S.C. 1983, and

the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth

Amendment to the United States Constitution and/or rights secured by under the laws and

Constitutions of the States of Vermont and New York respectively.

## JURISDICTION

--1--

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights, and The Federal Tort Claims Act, 28 U.S.C. 1346(b), 2671-2680, Plaintiff having filed Notice with the appropriate Federal Agencies within two years of the date of the alleged incident giving rise to the instant complaint, and acknowledgment of said Notice having been made by the respective Federal agencies. The amount of damages in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. The Plaintiff, GAMALIEL OLIVER is a United States Citizen and resident of the United States, and is and at all times relevant herein a resident of the State of New York.

8. Defendants, United States Border Patrol Agent MATHEW EMRICH, United States Drug

Enforcement Agents THOMAS DOUD and JUSTIN COUTURE, upon information and belief are at all times relevant, Officers and employees/agents of the United States Department of Homeland Security, The Drug Enforcement Administration of The United States Department of Justice and the Burlington Police Department respectively. Defendant Agents EMRICH, DOUD and COUTURE are sued individually and in their official capacity. At all times relevant Defendant Agents EMRICH, DOUD and COUTURE were acting under the color of law in the course and scope of their duties as agents, servants, employees and Officers of the United States of America, The United States Department of Homeland Security, the Burlington Police Department of the State of Vermont, that Police Department having designated Defendant Agent JASON COUTURE to the Drug Enforcement Administration Task Force, and The United States Department of Justice respectively, and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendant Agents EMRICH, DOUD and COUTURE were acting for and on behalf of The United States of America, The United States Department of Homeland Security, the Burlington Vermont Police Department, and The United States Justice Department at all times relevant herein with the power and authority vested in them as law enforcement officers, agents and employees of The United States of America, The United States Department of Homeland Security, the Burlington Police Department and The United States Department of Justice, and incidental to the lawful pursuit of their duties as Agents and employees of The United States of America, The United States Department of Homeland Security, the Burlington Police Department and The United States Department of Justice.

9. NEW YORK CITY POLICE OFFICERS ALEKSANDR PASYNKOV, EDWARD THOMPSON and Lieutenant ANTHONY GUADAGNO, upon information and belief of the Brooklyn South Gang Unit, a division of THE NEW YORK CITY POLICE DEPARTMENT, are

–3–

and at all times relevant, Officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant OFFICERS PASYNKOV, THOMPSON and Defendant Lieutenant GUADAGNO are sued individually and in their official capacity. At all times relevant Defendants, New York City Police Officers PASYNKOV, THOMPSON and Defendant Lieutenant GUADAGNO, were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendant New York City Police Officers PASYNKOV, THOMPSON and GUADAGNO were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as Officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

10. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

11. THE NEW YORK CITY POLICE DEPARTMENT and the BURLINGTON VERMONT POLICE DEPARTMENT, while not named Defendants, are nevertheless municipal

–4–

entities created and authorized under the laws of the States of New York and Vermont respectively. They are authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and the City of BURLINGTON VERMONT and assume the risk incidental to the maintenance of a police force and the employment of Police Officers, including the named Defendant Officers and Officers from the BURLINGTON VERMONT POLICE DEPARTMENT.

## STATEMENT OF FACTS

### First Incident

12. On October 25, 2011 Plaintiff was driving a motor vehicle proceeding on a roadway in the State of Vermont, in the vicinity of Route 105 and Route 120, obeying all traffic rules and regulations, when he was ordered to pull over by Defendant Border Patrol Agent MATTHEW EMRICH. Defendant Agent MATTHEW EMRICH ordered the Plaintiff to exit the vehicle and proceeded to ask Plaintiff for his driver's license and registration for the vehicle. Defendant Agent MATTHEW EMRICH proceeded to conduct a physical search of the Plaintiff's person. Defendant Agent MATTHEW EMRICH subsequently requested police back up from the BURLINGTON VERMONT POLICE DEPARTMENT and a K-9 Unit to assist with the search of Plaintiff's vehicle. Upon arrival of the aforementioned back-up officers and K-9 Unit, a warrant-less search of the Plaintiff's vehicle was conducted by Defendant Agent MATTHEW EMRICH and other members of law enforcement, including upon information and belief, members of the BURLINGTON VERMONT POLICE DEPARTMENT. Finding no contraband in the Plaintiff's vehicle or on his person, the Plaintiff and his companion were allowed to leave and resume their travels after approximately forty five minutes to an hour. Defendant Agent THOMAS DOUD, receiving information about the stop of the Plaintiff, began to proceed to the location. Prior to arriving at the

location of the initial stop of the Plaintiff, Defendant THOMAS DOUD was informed by fellow law enforcement officers, including Defendant Agent MATTHEW EMRICH, that the stop of the Plaintiff was over and the Plaintiff and his companion, along with the US Currency in their possession, had been released from custody.  Upon receiving this information, Defendant Agent THOMAS DOUD, who was aware that no contraband had been found in the Plaintiff's vehicle, "still felt it was worth looking into as far as the suspicion", and that the Plaintiff "was involved in drug trafficking and possession of drug trafficking proceeds".  Thereafter, Defendant Agent THOMAS DOUD decided to locate the Plaintiff and his companion's vehicle.  Defendant Agent THOMAS DOUD spoke with Defendant Agent COUTURE and informed Defendant Agent JASON COUTURE that he had located the Plaintiff's vehicle and needed the assistance of the BURLINGTON VERMONT POLICE DEPARTMENT to conduct the second stop of the Plaintiff's vehicle.  Defendant Agent JASON COUTURE contacted members of the Burlington Police Department in order to get their assistance in stopping the Plaintiff's vehicle.  The Plaintiff's vehicle was again stopped, this time by members of the BURLINGTON POLICE DEPARTMENT and Defendant Agent THOMAS DOUD. Defendant Agent THOMAS DOUD subsequently questioned the Plaintiff regarding the US Currency in the Plaintiff's vehicle and requested that Defendant Agent JASON COUTURE bring the Plaintiff to the station house for fingerprinting, even though Defendant Agent THOMAS DOUD was already aware of the identity of the Plaintiff.  At the stationhouse Defendant Agent THOMAS DOUD attempted to conduct a second search of the Plaintiff's person, allegedly causing the Plaintiff to attempt to flee.  The Plaintiff was apprehended, handcuffed, strip searched and a weapon was allegedly recovered in the Plaintiff's groin area.  On November 1, 2011 Defendant Agent MATTHEW EMRICH filed an addendum to his initial report, based upon the

–6–

request of Assistant United States Attorney Jeanie Cowles, wherein the Assistant United States Attorney requested clarifying details from Defendant Agent MATTHEW EMRICH regarding his alleged initial observations of the Plaintiff by Defendant Agent MATTHEW EMRICH which led to the initial stop of the Plaintiff. This additional information, upon information and belief, contained false information which was provided by Defendant Agent MATTHEW EMRICH in an attempt to strengthen the criminal case against the Plaintiff, resulting in the United States Attorney's Office levying serious criminal charges against the Plaintiff (Docket No. 1:11-cr-00143), resulting in the Plaintiff having to retain counsel, at considerable expense, to defend against the false and malicious criminal charges, and resulting in the Plaintiff being incarcerated, without bail for approximately nine months causing the Plaintiff extreme emotional upset. Eventually evidentiary hearings were conducted in April 2012 before US District Judge J. Garvan Murtha, resulting in the suppression of the alleged evidence recovered by Defendant Agents and dismissal, without prejudice, of the criminal charges, which was not appealed by the United States Department of Justice. While incarcerated Plaintiff was subjected to searches of his person and effects on a regular basis by members of law enforcement, as well as subjected to the intentional infliction of emotional distress and upset attendant thereto.

### Second Incident

13. On December 12, 2012 at approximately 11:30 p.m. the Plaintiff was driving a motor vehicle in the vicinity of Church Avenue and Utica Avenue in Kings County, obeying all lawful traffic regulations when he was ordered to pull over by Defendant NEW YORK CITY POLICE OFFICERS EDWARD THOMPSON and ALEKSANDR PASNYKOV of the Brooklyn South Gang Squad, a unit of THE NEW YORK CITY POLICE DEPARTMENT. Defendant OFFICER

PASNYKOV ordered the Plaintiff to provide his driver's license and registration for the vehicle. When the Plaintiff asked the Defendant Officers why he was being pulled over, the Defendant Officers refused to tell the Plaintiff the reason for being ordered to stop. The Plaintiff proceeded to hand the car rental agreement to the Defendant Officers, whereupon the Plaintiff was placed in handcuffs. When the Plaintiff asked the Defendant Officers why he was being placed under arrest the Defendant Officers told the Plaintiff, in sum and substance, "the car doesn't belong to you". The Plaintiff proceeded to inform the Defendant Officers that the car was rented by his girlfriend, and that he was allowed to use the car. The Defendant Officers, did not attempt to speak with the Plaintiff's girlfriend and did not attempt to speak with the rental company in an effort to determine if the car was reported stolen or missing. The Plaintiff was subsequently transported to the 67th Precinct. While at the 67th precinct, Defendant NEW YORK CITY POLICE LIEUTENANT ANTHONY GUAGAGNO spoke with Defendant Officers PASYNKOV and THOMPSON and approved the arrest of the Plaintiff and the seizure of Plaintiff's personal property and effects. The Defendant Officers proceeded to fingerprint the Plaintiff. While in the custody of the Police at the 67th Precinct the Plaintiff was questioned by members of the NEW YORK CITY POLICE DEPARTMENT about guns and gang activity, of which the Plaintiff had no knowledge. The Plaintiff was subsequently transported to Central Booking, where Plaintiff was again searched by members of the NEW YORK CITY POLICE DEPARTMENT. After approximately eighteen hours in the custody of The NEW YORK CITY POLICE DEPARTMENT the Plaintiff was released without criminal charges being filed against the Plaintiff by the Kings County District Attorney's Office. Prior to being released from Central Booking the Plaintiff was informed by members of the NEW YORK CITYPOLICE DEPARTMENT that Defendant Officers PASYNKOV and

–8–

THOMPSON did not file the Plaintiff's arrest with the Kings County District Attorney's Office.

## FIRST FEDERAL CLAIM

## Violation of the Rights Secured by Section 28 U.S.C. 1346, and the Fourth and Fourteenth Amendments to the United States Constitution

14.  The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Thirteen (13) as if fully set forth herein.

15.  Upon information and belief, the conduct of Defendant United States Border Patrol Agent MATTHEW EMRICH, acting under color of State and Federal Law, violated Section 28 U.S.C. 1346(b), 2671-2680 and the 4th Amendment to The United States Constitution by unlawfully and negligently stopping, seizing and searching the Plaintiff, without lawful cause or reason.

16.  That the actions of Defendant United States Border Patrol Agent MATTHEW EMRICH occurred in and during the course and scope of his duties and functions as a U.S. Border Patrol Agent, and while acting as an agent and employee of The UNITED STATES and The UNITED STATED DEPARTMENT OF HOMELAND SECURITY, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

## Violation of rights secured by Section 28 U. S.C. 1346 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, Malicious Prosecution

17.  The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Sixteen (16) as if fully set forth herein.

18.  Upon information and belief, the conduct of Defendant United States Border Patrol Agent MATTHEW EMRICH acting under color of State and Federal Law, violated Section 28

U.S.C. 1346 by unlawfully, falsely and with malice, informing the United States Justice Department and the United States Attorney for the District of Vermont with knowingly false information regarding the conduct of the Plaintiff, which resulted in the prosecution and incarceration of the Plaintiff without lawful reason or cause.

19.  That the actions of Defendant United States Border Patrol Agent MATTHEW EMRICH occurred in and during the scope of his duties and functions as a United States Border Patrol Agent, and while acting as an agent and employee of THE UNITED STATES and The DEPARTMENT OF HOMELAND SECURITY resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### THIRD FEDERAL CLAIM

**Violation of the rights secured by Section 28 U.S.C. 1346, and the Fourth and Fourteenth Amendments to the United States Constitution**

20.  The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Nineteen (19) as if fully set forth herein.

21.  Upon information and belief, the conduct of Defendant United States Drug Enforcement Administration Agent THOMAS DOUD, also a police officer of the Burlington Vermont Police Department acting under color of State and Federal Law violated Section 28 U.S.C. 1346 by unlawfully, negligently stopping, seizing and searching the Plaintiff a second time, and placing him under arrest, without lawful reason or cause.

22.  That the actions of Defendant United States Drug Enforcement Administration Agent THOMAS DOUD occurred in and during the scope of his duties and functions as a UNITED STATES DRUG ENFORCEMENT ADMINSTRATION Agent, Burlington Police Department and

–10–

while acting as an agent and employee of THE UNITED STATES, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FOURTH FEDERAL CLAIM

**Violation of the rights secured by Section 28 U.S.C. 1346 and the Fourth and Fourteenth Amendments to the United States Constitution**

23. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Twenty Two (22) as if fully set forth herein.

24. Upon information and belief, the conduct of Defendant United States Drug Administration Agent JUSTIN COUTURE acting under color of Federal and State law, violated Section 28 U.S.C. 1346 by unlawfully and negligently requesting the assistance of BURLINGTON VERMONT POLICE DEPARTMENT and its Officers to assist in the effectuation of the seizure of the Plaintiff without lawful reason or cause, and unlawfully searched the Plaintiff without lawful reason or cause.

25. That the actions of Defendant United States Drug Enforcement Administration Agent by designation JUSTIN COUTURE occurred in and during the scope of his duties and functions as a BURLINGTON VERMONT POLICE OFFICER, designated and assigned to The UNITED STATES DRUG ENFORCEMENT ADMINISTRATION, and while acting as an agent and employee of The United States Drug Enforcement Administration Agency, The United States Justice Department, and Defendant UNITED STATES, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff

## FIFTH FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983, the Fourth and Fourteenth**

**Amendments to the United States Constitution-False Arrest**

26.  The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Twenty Five (25) as if fully set forth herein.

27.  That the actions and conduct of Defendant NEW YORK CITY POLICE OFFICER ALEKSANDR PASYNKOV, acting under color of State Law did violate section 42 U.S.C. 1983, by unlawfully detaining, searching, questioning and arresting Plaintiff without lawful reason or cause.

28.  That the actions of Defendant NEW YORK CITY POLICE OFFICER ALEKSANDR PASYNKOV, occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DPEARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SIXTH FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983, the Fourth and Fourteenth Amendments to the United States Constitution-False Arrest**

29.  The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Twenty Eight (28) as if fully set forth herein.

30.  That the actions and conduct of Defendant NEW YORK CITY POLICE OFFICER EDWARD THOMPSON, acting under color of State Law did violate Section 42 U.S.C. 1983, by unlawfully detaining, questioning, searching and arresting Plaintiff, without lawful reason or cause.

31.  That the actions of Defendant NEW YORK CITY POLICE OFFICER EDWARD THOMPSON occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE

–12–

DEPARTMENT and Defendant CITYOF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SEVENTH FEDERAL CLAIM

### Violation of Rights Secured by section 42 U.S.C. 1983, the Fourth and Fourteenth Amendments to the United States Constitution- False Arrest

32. The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Thirty One (31) as if fully set forth herein.

33. That the actions and conduct of Defendant NEW YORK CITY POLICE LIEUTENANT ANTHONY GUADAGNO, acting under color of State Law did violate section 42 U.S.C. 1983 by unlawfully authorizing the arrest, searching, photographing, questioning of Plaintiff and seizure of Plaintiff's personal property and effects without lawful reason or cause.

34. That the actions of Defendant NEW YORK CITY POLICE LIEUTENANT ATHNONY GUADAGNO occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIRST STATE LAW CLAIM

35. The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Thirty Four (34) as if fully set forth herein.

36. That the actions of Defendant NEW YORK CITY POLICE OFFICER ALEKSANDR PASYNKOV resulted in the false arrest, detention and searches of the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND STATE LAW CLAIM

37. The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Thirty Six (36) as if fully set forth herein.

38. That the actions of Defendant NEW YORK CITY POLICE OFFICER EDWARD THOMPSON resulted in the false arrest, detention and searches of the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD STATE LAW CLAIM

39. The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Thirty Eight (38) as if fully set forth herein.

40. That the actions of Defendant NEW YORK CITY POLCIE OFFICER ALEKSANDR PASYNKOV resulted in the intentional infliction of emotional distress to Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## FOURTH STATE LAW CLAIM

41. The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Forty (40) as if fully set forth herein.

42. That the actions of Defendant NEW YORK CITY POLICE OFFICER EDWARD THOMPSON resulted in the intentional infliction of emotional distress to Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIFTH STATE LAW CLAIM

43. The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Forty Two (42) as if fully set forth herein.

44. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training,

screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER ALEKSANDR PASYNKOV resulted in the false arrest, detention and searches of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### SIXTH STATE LAW CLAIM

45. The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Forty Four (44) as if fully set forth herein.

46. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER EDWARD THOMPSON resulted in the false arrest, detention and searches of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### SEVENTH STATE LAW CLAIM

47. The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Forty Six (46) as if fully set forth herein.

48. That the actions of Defendant NEW YORK CITY POLICE LIEUTENANT ANTHONY GUADAGNO resulted in the unlawful imprisonment, false arrest and intentional infliction of emotional distress upon the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### EIGHTH STATE LAW CLAIM

49. The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Forty Eight (48) as if fully set forth herein.

50. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE LIEUTENANT

ANTHONY GUADAGNO resulted in the false arrest, imprisonment, detention, searches and seizure of Plaintiff's person, property and effects without lawful reason or cause, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendants:

    1. Compensatory Damages for Plaintiff.

    2. Punitive Damages against Defendants Border Patrol Agent MATTHEW EMRICH, Drug Enforcement Administration Agent and Burlington Vermont Police Officer THOMAS DOUD and Drug enforcement Administration Agent JASON COUTURE.

    3. Punitive Damages against Defendants New York City Police Officers ALEKSANDR PASYNKOV and EDWARD THOMPSON.

    4. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

    5. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: October 3, 2013

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373
Fax(212) 227-2330
E: vbrownlaw@yahoo.com

—16—